## Case No. 15,714.

UNITED STATES v. The MANHATTAN.

[3 Blatchf. 270.] [1]

Circuit Court, S. D. New York. May 15, 1855.

SHIPPING—PUBLIC REGULATIONS—PENALTIES.

1. Where passengers are carried on board of a steam vessel which has not placed and kept in a conspicuous part of it, as required by the 25th section of the act of August 30, 1852 (10 Stat. 71), a copy, certified by the collector, of the certificate provided for by the 9th section of that act, to be made by the board of inspectors, as to sea-worthiness, &c., the only penalty for such violation of the 25th section, is the one imposed by that section, namely, $100 for each offence, to be recovered by an action of debt.

2. Neither the vessel nor her owner are subject, for such violation of the 25th section, to the penalty of $500, imposed by the 1st section of the act, as a penalty for navigating a steam vessel, with passengers on board, without complying with the terms of the act.

[Appeal from the district court of the United States for the Southern district of New York.]

This was a libel of information, filed in the district court, to recover a penalty of $500, for non-compliance with one of the requisitions of the act of congress passed August 30, 1852 (10 Stat. 61), for the better security of the lives of passengers on board of vessels propelled by steam. The libel was dismissed by the district court [case unreported], and the United States appealed to this court.

NELSON, Circuit Justice. The first section of the act of 1852 provides, "that no license, register, or enrolment, under the provisions of this or the act to which this is an amendment, shall be granted, or other papers issued by any collector, to any vessel propelled in whole or in part by steam, and carrying passengers, until he shall have satisfactory evidence that all the provisions of this act have been fully complied with; and, if any such vessel shall be navigated, with passengers on board, without complying with the terms of this act, the owners thereof, and the vessel itself, shall be subject to the penalties contained in the second section of the act to which this is an amendment." The second section of the act referred to imposes a penalty of $500. Act July 7, 1838 (5 Stat.

1 [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

304). The only terms of the act not complied with, as charged in the information in this case, is the neglect to obtain from the collector of the customs a certified copy of the certificate of the board of inspectors as to the sea-worthiness of the vessel, the proper condition of the steam machinery, suitable accommodations for passengers, &c., which they are required to deliver to that officer by the ninth section of the act. It is not charged that the proper certificate, as prescribed by the act, had not been given by the inspectors; and, if it had been so charged, I am not sure that that would have helped the case, as I have not been able to find any provision in the act making it the special duty of the owner to obtain the certificate. Unless the inspection has been made and the certificate given, the collector is required to withhold the license, registry, and enrolment, and the vessel is deprived of her American character, and of all the rights and privileges belonging to her. Congress may have thought this a sufficient security that the owner would see to the procuring of the certificate. But, be this as it may, the charge here is not for omitting to procure the certificate of the inspectors, but for omitting to obtain from the collector a certified copy of it. Now, the only provision on this subject is found in the 25th section of the act. That requires that the collector shall keep on file the original certificate delivered to him by the inspectors, and shall give to the master or owner two certified copies thereof, one of which shall be placed in some conspicuous part of the vessel, where it may be seen by the passengers, and be kept there at all times; the other to be retained by such master or owner, as evidence of the authority thereby conferred. It then provides as follows: "and, if any person shall receive or carry any passengers on board any such steamer, not having a certified copy of the certificate of approval, as required by this act, placed and kept as aforesaid, he shall forfeit and pay, for each offence, $100, to be recovered by action of debt in any court of competent jurisdiction."

Now, the argument on behalf of the government is, that the omission to obtain this certified copy of the certificate, as required, is a non-compliance with the terms of the act, within the words of the first section, and that the owner and the vessel itself are, therefore, subject to the penalty imposed by the second section of the act of July 7, 1838, which is $500. But the obvious answer is, that, as respects this particular non-compliance—the omission to obtain a certified copy of the certificate—the 25th section of the act of 1852, which imposes the duty, prescribes the penalty, and limits it to $100 for each offence, to be recovered in an action of debt; and that, having thus specifically prescribed the penalty and mode of recovery, it necessarily takes the case out of the general description given in the first section. The argument, if sound, would require the infliction of both penalties for the particular non-compliance complained of.

I have been more particular in stating the ground of my decision, as I understand that several cases are pending involving the same question. Decree affirmed.